United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8        IN THE UNITED STATES DISTRICT COURT
9        FOR THE NORTHERN DISTRICT OF CALIFORNIA
10       SAN JOSE DIVISION

11 | CHARLES NEWMAN, | NO. C 05- 1724 JW   PR
12 |     Plaintiff(s), | **ORDER GRANTING LEAVE TO AMEND COMPLAINT; ORDER OF SERVICE**
   | v. |
13 | M. MCLEAN; L. ROWE; A. WHITFORD; | DOCKET NOS. 12
14 | GRAHAM; NIMROD; DR. ALLEN; THE DEPARTMENT OF CORRECTIONS
15 | REHABILITATION; and STATE OF CALIFORNIA,
16 |     Defendant(s).
17 | _____/

18      Plaintiff, a prisoner at Pelican Bay State Prison has filed a pro se complaint under 42 U.S.C.
19 § 1983 alleging that various defendants violated his constitutional rights by failing to provide a
20 ladder or stair step for his upper bunk bed, failing to provide proper medical care for the injury to his
21 left knee, refusing to process his administrative grievances, and retaliating and discriminating against
22 him.  Presently before the Court is Plaintiff's motion for leave to file a Second Amended Complaint.
23 The Court GRANTS Plaintiff's motion for leave to file an amended complaint (docket no. 12) in
24 accordance with the liberal standards set forth in Rule 15, Fed.R.Civ.P.   The Court now proceeds to
25 preliminarily screen Plaintiff's allegations as required by 28 U.S.C. § 1915A(a).
26
27 Order of Service
   N:\JW Cases\05\05-1727jw.ord.amend.wpd
28

**BACKGROUND**

Plaintiff is incarcerated at Pelican Bay State Prison. On the date of his injury, he occupied a cell with a bunk bed; the cell was not equipped with a ladder or stair step. On March 1, 2003, Plaintiff injured his left knee while attempting to lower himself off of the upper bunk bed.

On March 5, 2003, Defendant McLean, a nurse practitioner, examined Plaintiff and prescribed Tylenol. On March 21 or 25, 2003, Defendant McLean examined Plaintiff again, ordered x-rays, and told Plaintiff he would receive a knee brace the following day. On March 27, 2005, Plaintiff's knee was x-rayed, and later Defendant McLean advised Plaintiff that the x-ray showed no physical injury to his knee.

On May 22, 2003, Plaintiff received his knee brace, despite having been told he would receive it two months earlier. On June 17, 2003, Plaintiff met with Dr. Rowe, who reviewed the x-ray and determined that Plaintiff was not suffering from any physical injury, and therefore decided not to provide any further medical care. On July 31, 2003, Defendant Whitford, a correctional officer, terminated Plaintiff's medical examination based upon her perception that Plaintiff was not cooperating.

On October 15, 2003, Defendant Allen examined Plaintiff, who ordered another x-ray, and nothing more. In October of 2003, Plaintiff also received medical treatment from Dr. Nickels, who recommended an orthopedic examination.[1] In November of 2003, Plaintiff received medical treatment from Dr. Strachen, who ordered an MRI examination.[2]

In approximately December of 2003, Plaintiff underwent an MRI, and was diagnosed with a tear of the medial meniscus. On February 23, 2004, Plaintiff underwent surgery, and was released with instructions to use crutches and notify his physician immediately if there was any bleeding. Despite being aware of the instructions, Defendant Graham, a registered nurse, and Defendant

---

[1] Dr. Nickel is not a named defendant.

[2] Dr. Strachen is not a named defendant.

Order of Service
N:\JW Cases\05\05-1727jw.ord.amend.wpd

2

Whitford refused to provide Plaintiff with crutches. Within a few hours of the operation, Plaintiff's wound began to bleed. He was transported immediately to the infirmary for additional treatment, and remained there for four days.

Plaintiff filed an internal grievance regarding the nature of the medical care he received, which he contends rose to the level of a deprivation of his constitutional rights. Plaintiff filed another grievance against Whitford. Both grievances were denied at the appeal level by Defendant Nimrob. Plaintiff alleges that Defendant Nimrob's actions denied him access to the institutional grievance procedures, in violation of his constitutional rights.

In the present suit, Plaintiff raises nine claims, including claims for deprivation of his constitutional rights as secured by the First, Eighth, and Fourteenth Amendments, against McLean, Rowe, Whitford, Graham, Nimrod, Allen, the California Department of Corrections Rehabilitation, and the State of California.

## DISCUSSION

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

//

Order of Service
N:\JW Cases\05\05-1727jw.ord.amend.wpd

3

B.      Legal Claims

        1.  Deliberate Indifference to Medical Needs

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  See McGuckin, 974 F.2d at 1059.

A "serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle v. Gamble, 429 U.S. at 104).  The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment.  See id. at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  In order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm.  See McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  Liberally construed, Plaintiff's allegations state a cognizable claim for injunctive and monetary relief for deliberate indifference under § 1983.

        2.  Prison Grievance Procedures

The right of meaningful access to the courts extends to established prison grievance procedures.  See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995); accord Hines v. Gomez, 853 F.

Order of Service
N:\JW Cases\05\05-1727jw.ord.amend.wpd

United States District Court / For the Northern District of California

1  Supp. 329, 331-32 (N.D. Cal. 1994).  This right is subsumed under the First Amendment right to

2  petition the government for redress of grievances, <u>see id.</u> at 333, and protects both the filing, <u>see id.</u>,

3  and content, see <u>Bradley</u>, 64 F.3d at 1279, of prison grievances.  Liberally construed, Plaintiff's

4  allegations state a cognizable claim for violation of his constitutionally protected right to petition the

5  government for redress.

6        3.  Retaliation

7     Retaliation by a state actor for the exercise of a constitutional right is actionable under 42

8  U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper.  See <u>Mt.

9  Healthy City Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 283-84 (1977).  Retaliation, though it is not

10  expressly referred to in the Constitution, is actionable because retaliatory actions may tend to chill

11  individuals' exercise of constitutional rights.  See <u>Perry v. Sindermann</u>, 408 U.S. 593, 597 (1972).

12  Liberally construed, Plaintiff's allegations state a cognizable claim for retaliation under § 1983.

13 **CONCLUSION**

14     1.  The clerk shall issue summons and the United States Marshal shall serve, without

15  prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this

16  order on all named Defendants.  The clerk also shall serve a copy of this order on plaintiff.

17     2.  In order to expedite the resolution of this case, the court orders as follows:

18     a.  No later than 90 days from the date of this order, defendants shall file a

19  motion for summary judgment or other dispositive motion.  A motion for summary judgment shall

20  be supported by adequate factual documentation and shall conform in all respects to Federal Rule of

21  Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the

22  events at issue.  If defendants are of the opinion that this case cannot be resolved by summary

23  judgment or other dispositive motion, they shall so inform the court prior to the date their motion is

24  due.  All papers filed with the court shall be served promptly on plaintiff.

25     b.  Plaintiff's opposition to the dispositive motion shall be filed with the court and

26  served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

27  Order of Service
N:\JW Cases\05\05-1727jw.ord.amend.wpd

28     5

c.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

d.     If defendants wish to file a reply brief, they shall do so no later than 15 days after plaintiff serves them with the opposition.

e.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

3.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

4.     All communications by plaintiff with the court must be served on defendants, or

Order of Service
N:\JW Cases\05\05-1727jw.ord.amend.wpd

6

1  defendants' counsel once counsel has been designated, by mailing a true copy of the document to
2  defendants or defendants' counsel.
3          5.      It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and
4  all parties informed of any change of address and must comply with the court's orders in a timely
5  fashion. Failure to do so may result in the dismissal of this action under Federal Rule of Civil
6  Procedure 41(b).

7  Dated: August 11, 2006

           _____
           JAMES WARE
           United States District Judge

Order of Service
N:\JW Cases\05\05-1727jw.ord.amend.wpd

7

1   THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:

2

3   Charles Newman
    CDC No. H-53227
4   Facility A-2#212L
    5905 Lakes Earl Drive
5   Crescent City, CA 95532

6

7
    **Dated: August 14, 2006**                           **Richard W. Wieking, Clerk**
8

9                                                        **By:** _____
                                                              **Courtroom Deputy**
10

United States District Court
For the Northern District of California

27  Order of Service
    N:\JW Cases\05\05-1727jw.ord.amend.wpd
28                              8