IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES NEWMAN,            )<br>                                         )<br>         Plaintiff,              )<br>                                         )<br>   vs.                             )<br>                                         )<br>M. McCLEAN, et al.,         )<br>                                         )<br>         Defendant(s).       )<br>_____) | No. C 05-01724 JW (PR)<br><br>ORDER GRANTING MOTION TO DISMISS UNDER 28 U.S.C. § 1915(g); ADDRESSING PENDING MOTIONS<br><br>(Docket Nos. 19, 20, 22, 23, 37, 40, 44, 45, 50, 51, and 54) |

Plaintiff, a California prisoner currently incarcerated at the Corcoran State Prison, filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging deprivations of his constitutional rights secured by the First, Eighth, and Fourteenth Amendments by various defendants while plaintiff was incarcerated at the Pelican Bay State Prison ("PBSP") in Crescent City, California. Specifically, plaintiff alleges that defendants: 1) were negligent in failing to provide a ladder or stair step for the upper bunk bed; 2) rendered inadequate medical care when he injured his left knee while attempting to descend from the upper bunk bed; 3) deprived him of his constitutional rights when they refused to process his administrative grievances; and

Order Granting Motion to Dismiss
P:\PRO-SE\SJ.JW\CR.05\Newman01724_grant-mtd.wpd

4) retaliated and discriminated against him. This Court found the complaint, liberally construed, stated cognizable claims under § 1983 and by order filed August 14, 2006, ordered defendants be served with the complaint. Plaintiff filed a motion to proceed in forma pauperis which this Court granted.

Defendants' motion for extension of time to file dispositive motion (Docket No. 23) is GRANTED. Accordingly, this Court accepts defendants' motion to dismiss the complaint (Docket No. 37) on the grounds that plaintiff is barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g), as timely filed and now addresses the merits of the motion. Plaintiff has filed an opposition.

## DISCUSSION

A.   28 U.S.C. § 1915(g)

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action or appeal a judgment in a civil action or proceeding under 28 U.S.C. § 1915 (i.e., may not proceed in forma pauperis) "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing, not at the time of the alleged constitutional violations. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312

Order Granting Motion to Dismiss
P:\PRO-SE\SJ.JW\CR.05\Newman01724_grant-mtd.wpd        2

(3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998) (holding further that imminent danger must be shown at time of filing notice of appeal to obtain IFP status on appeal). "Imminent danger" may include an ongoing danger of serious physical injury. See Ashley, 147 F.3d at 717 (holding that plaintiff sufficiently alleged ongoing danger where he had repeatedly been housed near enemies, despite his protests, and where he filed his complaint very shortly after being attacked by an enemy); cf. Abdul-Akbar, 239 F.3d at 315 n.1 (while declining to reach question of whether "imminent danger" encompasses an ongoing danger of serious physical injury, noting that the plaintiff's allegations of past acts of physical harassment were not sufficiently specific or related to support an inference of an ongoing danger); Medberry, 185 F.3d at 1193 (finding no ongoing danger where plaintiff had been placed in administrative segregation following physical assaults by fellow inmates and before he filed his complaint).

A district court should liberally construe the allegations in a complaint filed by a pro se prisoner facing a § 1915(g) bar, construing all allegations in favor of the complainant and crediting those allegations of "imminent danger" that have gone unchallenged. See McAlphin v. Toney, 281 F.3d 709, 710-11 (8th Cir 2002) (liberally construing allegations in complaint for initial determination of whether prisoner is in "imminent danger of serious physical injury"); Gibbs v. Cross, 160 F.3d 962, 966 (3d Cir. 1998) (same). Plaintiff has the burden of proving that he is in imminent danger of serious physical injury.

B.  Plaintiff's Prior "Strikes"

Defendants allege that plaintiff has filed, while incarcerated, at least three actions or appeals that were dismissed as "strikes" under the PLRA three-strikes rule

Order Granting Motion to Dismiss
P:\PRO-SE\SJ.JW\CR.05\Newman01724_grant-mtd.wpd      3

and is therefore barred from proceeding in forma pauperis on the instant complaint In support of this claim, defendants have provided a copy of the order issued by the United States District Court, Southern District of California, in which plaintiff was notified that he could not proceed in forma pauperis under 28 U.S.C. § 1915(g). See Newman v. Gonzalez, No. 00-CV-2283-J-CGA (S.D. Cal. Mar. 16, 2001) (hereinafter "Gonzalez 2001"). The district court counted the following three cases as "strikes" under § 1915(g): 1) Newman v. Jensen, No. 96-CV-1905-UA (C.D. Cal. Mar. 18, 1996) (denying leave to proceed in forma pauperis and dismissing case as frivolous under 28 U.S.C. § 1915(d)), affirmed by Newman v. Jensen, 127 F.3d 1105 (unpublished disposition) (9th Cir. 1997) (dismissing the appeal for failure to state a claim upon which relief may be granted); 2) Newman v. Villa, No. 00-CV-1407-W-JFS (S.D. Cal. Aug. 1, 2000 & Sept. 11, 2000) (dismissing complaints under 28 U.S.C. § 1915(e)(2) for failing to state a claim); and 3) Newman v. Gonzalez, No. 00-CV-1556-L-LSP (S.D. Cal. Sept. 5, 2000 & Nov. 16, 2000) (dismissing complaints under 28 U.S.C. § 1915(e)(2) for failing to state a claim) (hereinafter "Gonzalez 2000"). Defendants assert that plaintiff has a total of four strikes under § 1915(g) as the appeal to the Ninth Circuit was also dismissed for failure to state a claim upon which relief may be granted. See Newman v. Jensen, 127 F.3d 1105.

Plaintiff argues that the case Newman v. Jensen, No. 96-CV-1905-UA, should not be counted as a strike because the district judge in that case erred when he allowed plaintiff to proceed on direct appeal in forma pauperis despite knowing that the case lacked merit. This argument is without merit. The only relevant inquiry of whether a case counts as a "strike" under § 1915(g) is whether it was "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Whether in forma

Order Granting Motion to Dismiss
P:\PRO-SE\SJ.JW\CR.05\Newman01724_grant-mtd.wpd      4

1  pauperis status was properly granted in a case dismissed such grounds is irrelevant.

2  The Newman v. Jensen case at bar counts as a strike because it was dismissed for

3  failure to state a claim upon which relief may be granted under.  See Newman v.

4  Jensen, 127 F.3d 1105.  Furthermore, even if the judge had erred, which he did not,

5  plaintiff still has three other strikes against him for the purposes of § 1915(g), i.e.,

6  Newman v. Jensen, 127 F.3d 1105, Newman v. Villa, No. 00-CV-1407-W-JFS, and

7  Gonzalez 2000, No. 00-CV-1556-L-LSP.

8        Plaintiff's argument that the PLRA's three strikes rule does not apply to cases

9  before its enactment is without merit as it is well established that § 1915(g) requires

10  that this Court consider prisoner actions dismissed before, as well as after, the

11  statute's 1996 enactment.  Tierney, 128 F.3d at 1311-12.  Therefore, Newman v.

12  Jensen, No. 96-CV-1905-UA, counts as a strike even though it was dismissed before

13  the statute's enactment.

14        This Court grants defendants' request for judicial notice of the court

15  documents provided in support of the motion to dismiss on the grounds that plaintiff

16  is barred from proceeding in forma pauperis under 28 U.S.C. § 1915(g).  It is clear

17  from the respective orders of dismissal that plaintiff had three complaints dismissed

18  on the grounds that they failed to state a claim upon which relief may be granted:

19  Newman v. Jensen was dismissed because plaintiff "fail[ed] to state a claim upon

20  which relief [m]ay be granted," 127 F.3d at 1105; Newman v. Villa was "dismissed

21  with prejudice for failing to state a claim upon which relief may be granted," No. 00-

22  CV-1407-W-JFS at 8; and Gonzalez 2000 was "dismissed... with prejudice... for

23  failing to state a claim upon which relief can be granted," No. 00-CV-1556-L-LSP at

24  11.  Plaintiff provides no evidence to the contrary.  Therefore the instant complaint

25  must be dismissed pursuant to § 1915(g) unless plaintiff can show that he was in

26  imminent danger of serious physical injury at the time the complaint was filed.

27

28  Order Granting Motion to Dismiss
P:\PRO-SE\SJ.JW\CR.05\Newman01724_grant-mtd.wpd      5

United States District Court
For the Northern District of California

C.      Imminent Danger of Serious Physical Injury

Plaintiff has the burden of proving that he is in imminent danger of serious physical injury at the time he filed the complaint. Plaintiff has failed to do so. The incident that sparked the instant complaint was the injury to his left knee when he fell from the upper bunk bed. Plaintiff admits that he had knee surgery in 2004 and physical therapy treatment thereafter. (Pet. at 4.) In his opposition, plaintiff asserts that due to the past injury, he continues to suffer constant and repeated pain whenever he attempts to exercise and strengthen his knee. He also complains of inadequate physical therapy and deficient treatment by the prison medical staff. These allegations, even if true, fail to demonstrate that plaintiff was in imminent danger of physical injury at the time he filed the complaint. See Medberry, 185 F.3d 1189. Such chronic complaints from a past injury hardly amount to an "ongoing danger" to permit plaintiff to proceed in forma pauperis on the instant action. See Abdul-Akbar, 239 F.3d at 315 n1. Having failed to meet his burden, plaintiff is not entitled to the exception under § 1915(g) to avoid dismissal without prejudice by defendants' motion. Plaintiff may still pursue his claims if he pays the full filing fee at the outset of the action.

**CONCLUSION**

For the reasons stated above:

1.      Defendants' motion for extension of time to file dispositive motion (Docket No. 23) is GRANTED, and defendants' timely filed motion to dismiss (Docket No. 37) is GRANTED. This action is DISMISSED without prejudice to refiling if plaintiff pays the filing fee.

2.      The order granting plaintiff leave to proceed in forma pauperis entered August 11, 2006, is vacated.

3. Defendants' motion for protective order staying discover (Docket No. 40) is DISMISSED as moot.

4. Plaintiff's motion for court intervention to compel discovery (Docket No. 19), motions for default judgment (Docket Nos. 20 and 22), motion for sanctions (Docket No. 44), amended motion for court intervention to compel discovery and sanctions (Docket No. 45), motion for declaratory judgment (Docket No. 51), and motion for evidentiary hearing (Docket No. 54) are DISMISSED as moot.

5. Plaintiff's motion for entry of default against defendant Everett Allen (Docket No. 50) is DENIED for want of a showing that said defendant has been served. See Fed. R. Civ. P. 55(a).

This order terminates dockets 19, 20, 22, 23, 37, 40, 44, 45, 50, 51, and 54.

DATED: June 1, 2007

JAMES WARE
United States District Judge